GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY                1397-0
    jlacy@goodsill.com
PATRICIA M. NAPIER       3735-0
    pnapier@goodsill.com
RANDOLF L. M. BALDEMOR    7421-0
    rbaldemor@goodsill.com
JILL MURAKAMI BALDEMOR   7420-0
    jbaldemor@goodsill.com

Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Limitation Plaintiff/Defendant
BLUE DOLPHIN CHARTERS, LTD.
And Limitation Plaintiff TERRY DONNELLY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD. AND TERRY DONNELLY, AS OWNERS OF THE VESSEL M/V BLUE DOLPHIN, O/N 1082213, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, | CIVIL NO.: CV05-00037 HG BMK (Consolidated)<br><br>LIMITATION PLAINTIFF/ DEFENDANT BLUE DOLPHIN CHARTERS, LTD. AND LIMITATION PLAINTIFF TERRY DONNELLY'S MEMORANDUM IN OPPOSITION TO MATTHEW ISHAM, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR, HAYDEN ISHAM, A MINOR AND ROXANNE BEST ISHAM'S MOTION FOR PARTIAL |

1145274.2

|  |  |
|---|---|
|  | SUMMARY JUDGMENT; CERTIFICATE OF SERVICE<br><br>**HEARING:**<br>**Date:** January 23, 2006<br>**Time:** 10:30 a.m.<br>**Judge:** The Hon. Helen Gillmor<br><br>Non-Jury Trial Date: April 11, 2006<br>Judge:    The Hon. Helen Gillmor |
| MATTHEW ISHAM, individually and as Guardian Ad Litem for HAYDEN ISHAM, a minor; ROXANNE BEST ISHAM,<br><br>  Plaintiffs,<br><br>vs.<br><br>BLUE DOLPHIN CHARTERS, LTD. And BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC., DOES 1 – 50,<br><br>  Defendants. | CIVIL NO.: CV04-00559 HG-BMK |
| DENNIS CLAYPOOL, SHERYL CLAYPOOL, individually and as Guardian ad Litem for KRISTEN CLAYPOOL, a minor, SCOTT CLAYPOOL, AND KRISTEN CLAYPOOL,<br><br>  Plaintiffs,<br><br>vs. | CIVIL NO.: CV04-00570 HG-KSC |

CAPTAIN ANDY'S SAILING INC.,
BLUE DOLPHIN CHARTERS, LTD.
AND BLUE DOLPHIN DIVING,
LTD.,

        Defendants.

**LIMITATION PLAINTIFF/ DEFENDANT BLUE DOLPHIN CHARTERS, LTD. AND LIMITATION PLAINTIFF TERRY DONNELLY'S MEMORANDUM IN OPPOSITION TO MATTHEW ISHAM, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR, HAYDEN ISHAM, A MINOR AND ROXANNE BEST ISHAM'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

**I.**    **INTRODUCTION**

      Limitation Plaintiff/Defendant Blue Dolphin Charters, Ltd. and Limitation Plaintiff Terry Donnelly (collectively referred to herein as "Blue Dolphin") respectfully submit that Limitation Claimants Matthew Isham and Hayden Isham ("Ishams") are not entitled to summary judgment. As discussed herein, the Ishams have failed to prove that the cause of the accident was the alleged failure to post the "rigid replica of the international Code flag 'A' not less than one meter in height", as required by 33 U.S.C. §2027(e)(2).

**II.**    **FACTS**

      The Court is undoubtedly familiar with the facts of this case as a result of the numerous conferences and hearings and, more recently, the hearing on the Claypool Claimants' Motion for Summary Judgment, or alternatively, for

1145274.2

Partial Summary Judgment ("Claypool Claimants' Motion"), dated November 3, 2005, which was heard by the Court on December 16, 2005. As the Court can easily determine by comparing the Claypool Claimants' Motion to the instant motion, the facts are, in large part, a restatement of the factual arguments in the Claypool Claimants' Motion.

## III. ARGUMENT

### A. Standard Of Review

As conceded by Isham, "[t]he moving party bears the initial burden of articulating the basis for its motion and identifying those portions of the record which demonstrate the absence of a genuine issue of material fact." Memorandum of Points and Authorities in Support of Matthew Isham, individually and as Guardian Ad Litem for, Hayden Isham, a minor and Roxanne Best Isham's Motion for Partial Summary Judgment (hereinafter collectively referred to as "Isham Memorandum"), at p. 15 (citing *Celotex v. Catrett*, 477 U.S. 317, 323 (1986). Blue Dolphin's facts must be "believed", and all justifiable inferences are to be drawn in its favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is proper only "if, viewing the evidence in the light most favorable to [Blue Dolphin], the movant is clearly entitled to judgment as a matter of law." *McKinley v. All Alaskan Seafoods, Inc.*, 980 F.2d 567, 570 (9th Cir. 1992).

Pursuant to Local Rule 56.1, the moving party is required to submit a separate concise statement of facts referencing "only the material facts which are absolutely necessary for the court to determine the limited issues presented in the motion for summary judgment (and no others) and each reference shall contain a citation to a particular affidavit, deposition, or other document which supports the party's interpretation of the material fact." The Court has made it clear that "[w]hen resolving motions for summary judgment, the court shall have no independent duty to search and consider any part of the court record not otherwise referenced in the separate concise statements of the parties." LR 56.1(f).

B.  **The Ishams Have Not Met Their Burden According To A Summary Judgment Standard Of Establishing All Of The Requisite Elements For Invoking The Exception Provided By 45 U.S.C. §53.**

45 U.S.C. §53 provides:

> In all actions hereafter brought . . . by virtue of any of the provisions of this act to recover damages for personal injuries to an employee, or where such injuries have resulted in his death, the fact that the employee may have been guilty of contributory negligence shall not bar a recovery, <u>but the damages shall be diminished by the jury in proportion to the amount of negligence attributable to such employee</u>:  Provided, That no such employee who may be injured or killed shall be held to have been guilty of contributory negligence . . . where the violation by such common carrier of any statute enacted for the safety of employees <u>contributed to the injury or death of such employee.</u>

(emphasis added).

Thus, the general rule under the statute is that an employee's contributory negligence will serve to reduce damages in proportion to the amount of negligence attributable to the employee. In order to invoke the contributory negligence exception afforded by 45 U.S.C. §53, the Ishams must establish causation. *See e.g. Fuszek v. Royal King Fisheries, Inc.*, 98 F.3d 514, 517 (9th Cir. 1996) (citing with approval *Smith v. Trans-World Drilling Co.*, 772 F.2d 157, 160 (5th Cir. 1985), which established five-part test for establishing negligence *per se*: (1) a violation of Coast Guard regulations, (2) the plaintiff's membership in the class of intended beneficiaries of the regulations, (3) an injury of a type against which the regulations are designed to protect, (4) the unexcused nature of the regulatory violation, and (5) causation."); *Brooker v. Cleghorn*, 907 F.Supp. 1406, 1409 (D. Haw. 1994) (requiring moving party to show "(1) that a statute enacted for the safety of employees is applicable in this case, (2) that Defendant violated that statute, and (3) that such violation of the statute contributed to Plaintiff's injuries."). The Ishams have not met this burden.

Although the Ishams have introduced evidence that a dive flag in compliance with 33 U.S.C. §2027(e)(2) was not flown at the time of the accident, they did not meet their affirmative burden of citing facts to demonstrate that this alleged omission was a cause or contributory factor in the accident. Instead, the Ishams ask the Court to simply *assume* that the alleged failure to comply with 33

U.S.C. §2027(e)(2) caused or contributed to the accident. In the absence of facts which demonstrate there is no genuine issue of material fact that the alleged omission caused or contributed to the accident, Blue Dolphin has no affirmative burden to introduce evidence refuting causation.

The alleged statutory violation in question is Blue Dolphin's failure to post a "rigid replica of the international Code flag 'A' not less than one meter in height", as required by 33 U.S.C. §2027(e)(2). Consequently, if there are questions of fact as to whether this alleged statutory violation caused or contributed to the accident, the Court should not grant the instant motion. Causation is generally a question of fact for the jury, and there are questions of fact as to whether Blue Dolphin's alleged failure to fly the "rigid replica of the international Code flag 'A' not less than one meter in height" should be considered a cause of the accident.

On the date of the accident, the master of the *Spirit of Kauai* – the vessel which came into contact with Isham and Dennis Claypool – was Captain David Woolley ("Woolley"). *See* Limitation Plaintiff/Defendant Blue Dolphin Charters, Ltd. And Limitation Plaintiff Terry Donnelly's Separate And Concise Statement In Support Of Their Memorandum In Opposition To Matthew Isham, Individually And As Guardian Ad Litem For, Hayden Isham, A Minor And Roxanne Best Isham's Motion For Partial Summary Judgment ("SCS"), at 10.

Woolley testified under oath that, at the time of the accident, he was at the helm. *See* SCS, at 11. He was the person in charge of navigating the *Spirit of Kauai* at the time of the accident. *See* SCS, at 12. He was the person who decided to take the *Spirit of Kauai* through the area where the accident occurred. *See* SCS, at 13.

Although the international "A" flag in question would serve to have put him on notice that diving operations were being conducted in the area of the accident, **he already suspected that there were scuba divers in the water**. *See* SCS, at 14. He testified that, despite knowing of scuba divers in the water, it had no effect on his route of navigation. *See* SCS, at 15 (emphasis added). **He testified under oath that if he had seen a dive flag flying from the Blue Dolphin, it would not have altered his approach in any fashion.** *See* SCS, at 16. **He admitted under oath that he was not even looking for dive flags**! *See* SCS, at 17. Clearly, there are questions of fact as to whether the failure to post the international "A" flag in question was a cause, or contributed to, the accident. Based on the testimony of Captain Woolley, even if the flag had been posted, he would not have seen it and it would not have altered his approach. *See Walden v. Illinois Central Gulf Railroad*, 975 F.2d 361 (7th Cir. 1992) (holding in FELA case that because a jury could have believed that the injuries would have occurred even if regulations had been followed by the employer, the district court appropriately declined to withdraw the issue of causation from the jury).

In light of Captain Woolley's testimony, it is at least plausible that the accident should be attributed to other conduct, and not the failure to post the dive flag, which serves as the sole basis for the Ishams' attempt to invoke the contributory negligence exception. Examples of such conduct are:

- ***The course and speed at which the Spirit of Kauai was traveling caused the accident.***

We have already established the Captain Woolley would not have changed his course, even if a dive flag was present. Thus, Captain Woolley's course clearly caused the accident. There is also evidence that the speed of the *Spirit of Kauai* was a cause of the accident. Isham testified under oath that, in his estimation, he and Dennis Claypool were 130 feet from the *Blue Dolphin* when the accident occurred. *See* SCS, at 18. Dennis Claypool testified under oath that, in his estimation, they were one to two boat lengths from the *Blue Dolphin*. *See* SCS, at 19.[1] Sheryl Claypool, Dennis' wife, believes there was only 50 yards (i.e. 150 feet) between the *Spirit of Kauai* and the *Blue Dolphin*. *See* SCS, at 20.

If their testimony is to be believed, it is clear that the *Spirit of Kauai* violated Hawaii Administrative Rule §13-244-9, which provides that "[t]he speed of all vessels on the waters of the State shall be limited to a slow no-wake speed . . . when within two hundred feet of any . . . 'Swimmer' . . . or '[a]nchored, moored

---

[1] The *Blue Dolphin* is approximately 62 feet long. *See* Exh. A, at p. 1, attached to Limitation Plaintiffs' Verified Complaint for Exoneration from and/or Limitation of Liability.

or drifting vessel." Isham and Dennis Claypool have testified under oath that the *Spirit of Kauai* was traveling "fast" *See* SCS, at 21, 22. In fact, Woolley admits that he was not proceeding at "slow, no wake" speed at the time of the accident. *See* SCS, at 23.

- *Isham's own conduct was the cause of the accident.*

There are also significant questions of fact surrounding Isham's conduct. He was ultimately responsible for the divers in the water. *See* SCS, at 1. He admits that scuba diving without a dive flag up would have been an unsafe working environment, yet he did not make sure a dive flag was up. *See* SCS, at 9. He was required to take dive floats with him on scuba dives at Mokole Reef. *See* SCS, at 2, 3, 4. Yet, he did not take a dive float with him on the date of the accident. *See* SCS, at 5. Importantly, he had taken a dive float while scuba diving on other occasions. *See* SCS, at 6. If he had taken a dive float with him on the date of the accident, Captain Woolley testified that his course would have been altered. *See* SCS, at 24. There are also questions as to whether Isham properly supervised Dennis Claypool and led his dive group too far out to sea. Clearly, Isham's conduct could be viewed as the sole cause of the accident.

- *Dennis Claypool's conduct was a cause of the accident.*

Prior to beginning the excursion, Blue Dolphin required prospective scuba divers, including Dennis Claypool, to fill out a medical questionnaire in

BDC's office. *See* SCS at 25. Isham, as the dive master, instructed Dennis to answer the questions. *See* SCS at 26. It is undisputed that Dennis read the questions on the form. *See* SCS at 27. One of the questions on the form inquired: "Do you have a history of high blood pressure, angina, or take medication to control blood pressure?" SCS, at 28.

For those prospective scuba divers who answered "yes" on the form, Isham's practice was not to allow those participants to dive unless the prospective scuba divers retrieved the facts of their condition or obtained a note from their doctor. *See* SCS at 29. Dennis completed the form and, even though he had a history of high blood pressure, lied about this history by representing that he had no history of high blood pressure. SCS at 30. Dennis now claims damages stemming from the very activity he would not have been allowed to take part in had he been truthful.

The Ishams have not introduced any evidence on causation, although it is their affirmative burden. As shown herein, however, viewing the facts in the light most favorable to Blue Dolphin, there are clearly questions of fact as to whether the failure to post the international 'A' flag in question was the cause, or contributed to, the accident. Accordingly, the motion should be denied.

### C. The Ishams have agreed to allow evidence of proportionate fault to be submitted to the jury at trial.

Putting aside whether Blue Dolphin is entitled to a contributory negligence defense, pursuant to 45 U.S.C. §53, it must be made clear that the parties should be entitled to present evidence of proportionate fault at trial. As the Court is aware, Captain Andy's Sailing, Inc., the owner of the *Spirit of Kauai*, and Mr. Isham have entered into settlements. The non-settling defendants' liability will be determined by their proportionate share of responsibility. *See McDermott, Inc. v. Amclyde and River Don Castings, Ltd.*, 511 U.S. 202 (1994). According to the Claypools' counsel, the settlement was conditioned upon the fact that Blue Dolphin be given "a pro tanto dollar-for-dollar credit for any liability that Blue Dolphin may have in this case ***over and above Mr. Isham's pro rata liability.***" *See* Transcript of Proceedings regarding Motion to Lift the Stay and Abate the Limitation Action, dated July 25, 2005, at p. 36 (emphasis added); *see also* letter dated June 15, 2005, from Jonathan H. Steiner, Esq. to John R. Hillsman, Esq. and Robert F. Miller, attached as Exhibit E to SCS ("The idea is that in the event Isham proportion of fault results in less than what he settled for, then BDC gets a credit for any additional amount... This provision contemplates the jury making a determination of proportionate liability as to all defendants, regardless of whether they have settled, pursuant to McDermott, Inc. v. AmClyde, 511 U.S. 202 (1994), but modifies the "proportionate fault" approach therein."). Clearly, the parties

have already contemplated that Isham will be on the special verdict form and evidence of his proportionate fault may be introduced at trial.[2] Obviously, the task of determining proportionate responsibility cannot effectively be accomplished if the fact-finder is unable to consider the proportionate share of fault of Mr. Isham at trial.

## IV.   CONCLUSION

For the foregoing reasons, Blue Dolphin respectfully requests the Court to deny the instant motion.

DATED:  Honolulu, Hawaii, January 5, 2006.

/s/ Randolf L.M. Baldemor
JOHN R. LACY
PATRICIA M. NAPIER
RANDOLF L. M. BALDEMOR
JILL MURAKAMI BALDEMOR

Attorneys for Limitation
Plaintiff/Defendant
BLUE DOLPHIN CHARTERS, LTD.
and Limitation Plaintiff TERRY
DONNELLY

---

[2] The agreement was made confidential, even as to non-parties. The agreement is highly relevant to this Court's determination of whether evidence of proportionate fault will be introduced at trial. To the extent the Court wishes to see the specific terms of the settlement agreement, Blue Dolphin respectfully requests the Court to order the Ishams (or Claypools) to produce a copy of the agreement or, at the very least, order that a copy of such agreement be produced *in camera*.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD. AND TERRY DONNELLY, AS OWNERS OF THE VESSEL M/V BLUE DOLPHIN, O/N 1082213, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, | CIVIL NO.: CV05-00037 HG BMK<br><br>(CONSOLIDATED)<br><br>CERTIFICATE OF SERVICE |
| MATTHEW ISHAM, individually and as Guardian Ad Litem for HAYDEN ISHAM, a minor; ROXANNE BEST ISHAM,<br><br>        Plaintiffs,<br><br>vs.<br><br>BLUE DOLPHIN CHARTERS, LTD. And BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC., DOES 1 – 50,<br><br>        Defendants. | CIVIL NO.: CV04-00559 HG-BMK |

1145274.2

| | |
|---|---|
| DENNIS CLAYPOOL, SHERYL CLAYPOOL, individually and as Guardian ad Litem for KRISTEN CLAYPOOL, a minor, SCOTT CLAYPOOL, AND KRISTEN CLAYPOOL,<br><br>          Plaintiffs,<br><br>vs.<br><br>CAPTAIN ANDY'S SAILING INC., BLUE DOLPHIN CHARTERS, LTD. AND BLUE DOLPHIN DIVING, LTD.,<br><br>          Defendants. | CIVIL NO.: CV04-00570 HG-KSC |

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this date a copy of the foregoing document was duly served on the following parties as indicated below:

| | **Electronically through CM/ECF** | **U.S. Mail, Postage Pre-Paid** |
|---|---|---|
| HAROLD G. HOPPE, ESQ.<br>Pacific Guardian Center, Makai Tower<br>733 Bishop Street, Suite 2300<br>Honolulu, Hawaii 96813 | Hoppea001<br>@hawaii.rr.com | |

    - and -

1145274.2

|  | Electronically through CM/ECF | U.S. Mail, Postage Pre-Paid |
|---|---|---|
| JOHN HILLSMAN, ESQ.<br>McGuinn, Hillsman & Palefsky<br>535 Pacific Avenue<br>San Francisco, CA 94133<br><br>Attorney for DENNIS CLAYPOOL, SHERYL CLAYPOOL, KRISTIN CLAYPOOL AND SCOTT CLAYPOOL |  | ☒ |
| RICHARD LESSER, ESQ.<br>MICHELLE NELSON BASS, ESQ.<br>Lesser & Associates<br>1 Pearl Street<br>Redondo Beach, CA 90277<br><br>Attorney for Claimants/Respondents MATTHEW ISHAM, ROXANNE BEST ISHAM and HAYDEN ISHAM |  | ☒ |

//

//

//

//

//

//

//

|                          | Electronically through CM/ECF | U.S. Mail, Postage Pre-Paid |
|---|---|---|
| ROBERT MILLER, ESQ.<br>Dillingham Transportation Building<br>735 Bishop Street, PH 500<br>Honolulu, Hawaii 96813<br><br>Attorney for Defendant BLUE DOLPHIN CHARTERS, LTD. |  | ☒ |

DATED: Honolulu, Hawaii, January 5, 2006.

/s/ Randolf L.M. Baldemor
JOHN R. LACY
PATRICIA M. NAPIER
RANDOLF L. M. BALDEMOR
JILL MURAKAMI BALDEMOR

Attorneys for Limitation
Plaintiff/Defendant
BLUE DOLPHIN CHARTERS, LTD.
and Limitation Plaintiff TERRY
DONNELLY