GOODSILL ANDERSON QUINN & STIFEL
A LIMITED LIABILITY LAW PARTNERSHIP LLP

JOHN R. LACY                    1397-0
    jlacy@goodsill.com
PATRICIA M. NAPIER              3735-0
    pnapier@goodsill.com
RANDOLF L. M. BALDEMOR          7421-0
    rbaldemor@goodsill.com
JILL MURAKAMI BALDEMOR          7420-0
    jbaldemor@goodsill.com
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813
Telephone: (808) 547-5600
Facsimile: (808) 547-5880

Attorneys for Limitation Plaintiff/Defendant
BLUE DOLPHIN CHARTERS, LTD.
And Limitation Plaintiff TERRY DONNELLY

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD. AND TERRY DONNELLY, AS OWNERS OF THE VESSEL M/V BLUE DOLPHIN, O/N 1082213, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, | CIVIL NO.: CV05-00037 HG BMK (Consolidated)<br><br>LIMITATION PLAINTIFF/ DEFENDANT BLUE DOLPHIN CHARTERS, LTD. AND LIMITATION PLAINTIFF TERRY DONNELLY'S SEPARATE AND CONCISE STATEMENT IN SUPPORT OF THEIR MEMORANDUM IN OPPOSITION TO MATTHEW ISHAM, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR, |

1145336.1

| | |
|---|---|
| | HAYDEN ISHAM, A MINOR AND ROXANNE BEST ISHAM'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF RANDOLF L.M. BALDEMOR; EXHIBITS "A" – "F"; CERTIFICATE OF SERVICE<br><br>**HEARING:**<br>**Date:** January 23, 2006<br>**Time:** 10:30 a.m.<br>**Judge:** The Hon. Helen Gillmor<br><br>Non-Jury Trial Date: April 11, 2006<br>Judge:    The Hon. Helen Gillmor |
| MATTHEW ISHAM, individually and as Guardian Ad Litem for HAYDEN ISHAM, a minor; ROXANNE BEST ISHAM,<br><br>Plaintiffs,<br><br>vs.<br><br>BLUE DOLPHIN CHARTERS, LTD. And BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC., DOES 1 – 50,<br><br>Defendants. | CIVIL NO.: CV04-00559 HG-BMK |
| DENNIS CLAYPOOL, SHERYL CLAYPOOL, individually and as Guardian ad Litem for KRISTEN CLAYPOOL, a minor, SCOTT CLAYPOOL, AND KRISTEN CLAYPOOL,<br><br>Plaintiffs, | CIVIL NO.: CV04-00570 HG-KSC |

vs.

CAPTAIN ANDY'S SAILING INC.,
BLUE DOLPHIN CHARTERS, LTD.
AND BLUE DOLPHIN DIVING,
LTD.,

        Defendants.

**LIMITATION PLAINTIFF/ DEFENDANT BLUE DOLPHIN
CHARTERS, LTD. AND LIMITATION PLAINTIFF TERRY
DONNELLY'S SEPARATE AND CONCISE STATEMENT
IN SUPPORT OF THEIR MEMORANDUM IN OPPOSITION TO
MATTHEW ISHAM, INDIVIDUALLY AND AS GUARDIAN AD LITEM
FOR, HAYDEN ISHAM, A MINOR AND ROXANNE BEST ISHAM'S
<u>MOTION FOR PARTIAL SUMMARY JUDGMENT</u>**

LIMITATION PLAINTIFF / DEFENDANT BLUE DOLPHIN CHARTERS, LTD. and LIMITATION PLAINTIFF TERRY DONNELLY (hereinafter collectively referred to as "Blue Dolphin") submit their Separate and Concise Statement of Facts in Opposition to MATTHEW ISHAM, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR, HAYDEN ISHAM, A MINOR AND ROXANNE BEST ISHAM'S MOTION FOR PARTIAL SUMMARY JUDGMENT, dated December 7, 2005.

        Blue Dolphin does not dispute paragraphs 1, 2, 3 and 4 of the Ishams Claimants' Concise Statement of Undisputed Material Facts in Support of Motion for Partial Summary Judgment, but respectfully submits that these facts alone do

1145336.1

not justify partial summary judgment. Blue Dolphin offers the following additional material facts for the Court's consideration:

| MATERIAL FACTS | FACTUAL SUPPORT |
|---|---|
| 1. The scuba instructor is ultimately responsible for the divers in the water. | Deposition of Terry Donnelly, taken on May 17, 2005, attached hereto as Exhibit "A", (referred to herein as "Donnelly Depo."), at at p. 57:19-20. |
| 2. According to Blue Dolphin's policy, dive instructors were required to take dive floats with them when they were doing scuba dives at Mokole Reef. | Donnelly Depo., at p. 37:15-18. |
| 3. According to Blue Dolphin's policy, dive instructors were to take dive floats with them every single time scuba divers went in the water. | Donnelly Depo., at p. 37:19-21. |
| 4. According to Blue Dolphin's policy, dive floats were to remain deployed until scuba divers returned safely to the vessel. | Donnelly Depo., at p. 37:22-24. |
| 5. Matthew Isham did not take a dive float with him on the date of the accident. | Deposition of Matthew Isham, taken on May 3, 2005, attached hereto as Exhibit "B", (referred to herein as Isham Depo.), at p. 50:25-51:7; 51:23-25. |
| 6. Matthew Isham had taken a dive float out with him on dives on other occasions in the Mokole Reef area. | Isham Depo., at p. 51:19-22. |

| MATERIAL FACTS | FACTUAL SUPPORT |
|---|---|
| 7. Since Isham did not take a dive float with him when the scuba divers were in the water at Mokole Reef on the date of the accident, he was violating an in-house procedural rule of Blue Dolphin. | Donnelly Depo., at pp. 37:25-38:10. |
| 8. Terry Donnelly made clear to Matthew Isham, Megan Langley and Eric Trout that there should be a dive float in the water every single time they were allowed to dive at Mokole Reef. | Donnelly Depo., at p. 78:16-20. |
| 9. Isham admits that scuba diving without a dive flag up would have been an unsafe working environment. | Isham Depo., at p. 287:3-8. |
| 10. On the date of the accident, the master of the *Spirit of Kauai* – the vessel which came into contact with Isham and Dennis Claypool – was Captain David Woolley ("Woolley"). | Deposition of David Woolley, taken on March 29, 2005, attached hereto as Exhibit "C", (referred to herein as "Woolley Depo."), at p. 21:18-20. |
| 11. Woolley testified under oath that, at the time of the accident, he was at the helm. | Woolley Depo., at p. 21:21-23. |
| 12. Woolley was the person in charge of navigating the *Spirit of Kauai* at the time of the accident. | Woolley Depo., at p. 22:3-6. |
| 13. Woolley was the person who decided to take the *Spirit of Kauai* through the area where the accident occurred. | Woolley Depo., at p. 22:7-10. |
| 14. When the *Spirit of Kauai* approached the Mokole Reef area, Woolley already suspected that there were scuba divers in the water. | Woolley Depo., at p. 93:17-24. |
| 15. Woolley testified that, despite knowing of scuba divers in the water, it had no effect on his route of navigation. | Woolley Depo., at p. 93:25-94:3 |
| 16. Woolley testified under oath that, if he had seen a dive flag flying from the Blue Dolphin, it would not have altered his approach in any fashion. | Woolley Depo., at p. 111:8-11. |

| MATERIAL FACTS | FACTUAL SUPPORT |
|---|---|
| 17.  Woolley admitted under oath that he was not even looking for dive flags as he approached the Mokole Reef area prior to the accident. | Woolley Depo., at pp. 165:20-166:13. |
| 18.  Isham testified under oath that, in his estimation, he and Dennis Claypool were 130 feet from the *Blue Dolphin* when the accident occurred. | Isham Depo., at p. 176:15-25. |
| 19.  Dennis Claypool testified under oath that, in his estimation, they were one to two boat lengths from the *Blue Dolphin*. | Deposition of Dennis Claypool, taken on April 22 and 23, 2005, attached a Exhibit "F", (referred to as D. Claypool Depo."), at p. 318:2-25. |
| 20.  Sheryl Claypool, Dennis' wife, believes there was only 50 yards (i.e. 150 feet) between the *Spirit of Kauai* and the *Blue Dolphin*. | Deposition of Sheryl Claypool, taken on May 16, 2005, attached as Exhibit "D", (referred to herein as "S. Claypool Depo."), at p. 61:1-10 |
| 21.  Isham testified under oath that the *Spirit of Kauai* was traveling "fast". | Isham Depo., at p. 93:4. |
| 22.  Dennis Claypool testified under oath that the *Spirit of Kauai* was traveling "pretty fast". | D. Claypool Depo., at p. 180:15 |
| 23.  Woolley admits that he was not proceeding at "slow, no wake" speed at the time of the accident. | Woolley Depo., at p. 104:14-25. |
| 24.  If Isham had taken a dive float with him on the date of the accident, Captain Woolley testified that his course would have been altered. | Woolley Depo., at p. 111:16-112:3. |
| 25.  Prior to going scuba diving, Blue Dolphin required prospective scuba divers to fill out a medical questionnaire in BDC's office. | Isham Depo., at p. pp. 207:11-208:3. |

| MATERIAL FACTS | FACTUAL SUPPORT |
| --- | --- |
| 26. Isham instructed Dennis to answer the questions on the medical questionnaire. | D. Claypool Depo., at p. 283:3-19. |
| 27. Dennis Claypool read the questions on the medical questionnaire. | D. Claypool Depo., at pp. 190:10-17; 219:18-22; 282:11-283:2; S. Claypool Depo., at pp. 97:12-98:2. |
| 28. One of the questions on the form inquired: "Do you have a history of high blood pressure, angina, or take medication to control blood pressure?" | Isham Depo., at p. 214:6-14; Exh. 44 attached thereto. |
| 29. For those prospective scuba divers who answered "yes" on the form, Isham's practice was not to allow those participants to dive unless the prospective scuba divers retrieved the facts of their condition or obtained a note from their doctor. | Isham Depo., at pp. 220:18-21; 224:15-18. |
| 30. Dennis Claypool completed the form and, even though he had a history of high blood pressure, lied about this history by representing that he had no history of high blood pressure. | D. Claypool Depo., at pp. 190:10-17; 219:18-22; 282:11-283:2. |

DATED: Honolulu, Hawaii, January 5, 2006.

/s/ Randolf L.M. Baldemor
JOHN R. LACY
PATRICIA M. NAPIER
RANDOLF L. M. BALDEMOR
JILL MURAKAMI BALDEMOR

Attorneys for Limitation Plaintiff/Defendant BLUE DOLPHIN CHARTERS, LTD. and Limitation Plaintiff TERRY DONNELLY