Richard A. Lesser - #5832
Steven M. McGuire, *pro hac vice*
LESSER & ASSOCIATES
A Professional Law Corporation
1 Pearl Street
Redondo Beach, CA 90277
Telephone: (310) 374-4808
Facsimile: (310) 372-7715
Email: lesser@divelaw.com

Attorneys for Claimants/Respondents and
Plaintiffs MATTHEW ISHAM, individually and
as Guardian ad Litem for, HAYDEN ISHAM,
a minor and ROXANNE BEST ISHAM

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD. AND TERRY DONNELLY, AS OWNERS OF THE VESSEL M/V BLUE DOLPHIN, O/N 1082213, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY, | Civil NO. CV05-00037 HG-BMK<br>[3 Consolidated Cases]<br><br>MATTHEW ISHAM, individually and as Guardian ad Litem for, HAYDEN ISHAM, a minor and ROXANNE BEST ISHAM'S REPLY TO PLAINTIFF/DEFENDANT BLUE DOLPHIN CHARTERS, LTD. AND LIMITATION PLAINTIFF TERRY DONNELLY'S MEMORANDUM IN OPPOSITION TO MATTHEW ISHAM, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR HAYDEN ISHAM, A MINOR AND ROXANNE BEST ISHAM'S MOTION FOR PARTIAL SUMMARY JUDGMENT; CERTIFICATE OF SERVICE |

1

|  |  |
|---|---|
|  | ) HEARING:<br>) Date:         January 23, 2006<br>) Time:        10:30 a.m.<br>) Courtroom: Aha Nonoi, 4th Floor<br>) Judge:       The Hon. Helen Gillmor<br>)<br>) Non-Jury Trial Date:   April 11, 2006<br>) Judge:       The Hon. Helen Gillmor<br>) |
| MATTHEW ISHAM,<br>individually and as Guardian Ad Litem for HAYDEN ISHAM, a minor; ROXANNE BEST ISHAM,<br><br>         Plaintiffs,<br><br>         vs.<br><br>BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC., DOES 1 - 50,<br><br>         Defendants. | ) CIVIL NO.: CV 04 00559 HG-BMK<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

2

| | |
|---|---|
| DENNIS CLAYPOOL, SHERYL CLAYPOOL individually and as Guardian ad Litem for KRISTEN CLAYPOOL, a minor, SCOTT CLAYPOOL,<br><br>Plaintiffs,<br><br>vs.<br><br>CAPTAIN ANDY'S SAILING, INC., BLUE DOLPHIN CHARTERS, LTD. And BLUE DOLPHIN DIVING, LTD.,<br><br>Defendants. | ) CIVIL NO.: CV 04 00570 HG-KSC<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

<u>MATTHEW ISHAM, individually and as Guardian ad Litem for, HAYDEN ISHAM, a minor and ROXANNE BEST ISHAM'S REPLY TO PLAINTIFF/DEFENDANT BLUE DOLPHIN CHARTERS, LTD. AND LIMITATION PLAINTIFF TERRY DONNELLY'S MEMORANDUM IN OPPOSITION TO MATTHEW ISHAM, INDIVIDUALLY AND AS GUARDIAN AD LITEM FOR HAYDEN ISHAM, A MINOR AND ROXANNE BEST ISHAM'S MOTION FOR PARTIAL SUMMARY JUDGMENT</u>

I. **ARGUMENT.**

The Isham plaintiffs are curious, as perhaps should be the Court, as to why the opposition to a motion relating to the operation of the vessel and having nothing to do with the limitation issues, is responded to by the counsel for the

3

limitation plaintiff Blue Dolphin, and not by counsel for Blue Dolphin in the direct action brought against it by Isham as a Jones Act Seaman. As the court will undoubtedly recall, the record both in deposition and in open court is replete with protestations from counsel FOR limitation plaintiffs that their involvement in the case is strictly limited to that area, yet the brief in this instance arises from them, with nary a response from the appropriate counsel for the defendant Blue Dolphin.

This answer is resolved by review of the brief. The limitation plaintiffs have taken the opportunity to reargue their opposition to the motion filed by the Claypool claimants regarding the limitation itself, a issue that has been briefed, orally argued before the court, and awaiting a resolution.

In this instance, Isham is not looking for absolution for responsibility as the response seems to indicate, but rather a ruling by the court that any possible contribution on his part is absolved under 45 U.S.C. §53, as to the violation of the Blue Dolphin to fly the required Alfa Flag while conducting diving operations.

Having argued at nauseam that either the flag was there (but no one could photograph it), the flag was aboard (though it was the wrong size), or the Captain should be believed because he said he put it up, the limitation plaintiffs now shift gears and attempt to raise an issue of fact regarding the use of a float on the dive (or lack thereof) as the ultimate cause of the accident.

As noted in the undisputed facts, Matthew Isham has stated repeatedly that he was never provided with any instruction to take a float, that it was not mandatory but suggested. See Isham's Separate and Concise Statement, ¶ 1. Even limitation plaintiff Donnelly has admitted that no written instruction was

4

ever provided to any of the Blue Dolphin staff regarding this supposed mandatory requirement that a float be used, instead, he simply noted that Isham probably should have learned it from some of the other crew members, hardly a procedure in place that the Blue Dolphin plaintiffs would like to have you believe. See Isham's Separate and Concise Statement, ¶ 2.

Limitation plaintiffs also make a point (which for some reason was ignored or neglected in their opposition to the Claypool motion for partial MSJ) that the captain of the Spirit of Kauai Dave Wooley, testified that he would not have altered his approach even if he had seen a dive flag. This testimony is highly suspect in that Wooley also testified that after the brief stop at red eye, he had motored directly out before turning toward Makole Point, and was thus 300 yards outside of the anchorage. See Isham's Separate and Concise Statement, ¶ 3. This testimony is clearly inconsistent with both the testimony of everyone on the Blue Dolphin, but also, is clearly inconsistent with the video taken by Mal Stern at the time of the accident.

The issue remains simple; the failure to raise the flag is at this point in the litigation undisputed. The photographs previously presented to the court taken from the adjacent vessel demonstrate that no flag was flying, and the videotape from witness Mal Stern, authenticated in his deposition and also provided to the court, provides absolute evidence that at the exact moment of the impact there was no flag whatsoever flying from the Blue Dolphin.

The Isham claimants are not seeking summary judgment on the entire case as there is obviously a question of fact regarding the use (or non use) of a float,

which will be a matter to be tried. What the plaintiffs seek however is absolution under §53 for the blatant and obvious failure of Blue Dolphin to comply with the regulations. As the Pennsylvania rule points out, the standard is not what might have been or what could have been, but rather it was possible that this breach could have led to the accident.

Finally, limitation Blue Dolphin's repeated return to the actions of the Claypool claimants is incomprehensible. While it may be true that if Dennis Claypool had elected to interpret his medical condition as disqualifying him, he *might* not have gone on the dive to be supervised by Matthew Isham, but it is equally possible that Matthew Isham could have elected to work in the forest service in Idaho or become a ranch hand in Texas, and in either case this particular accident might not have happened. In short, the failure of Blue Dolphin to fly flag is a violation of a safety standard designed to protect its Jones Act Seaman crew members; summary judgment on that issue under §53 should be issued.

6

## II.   CONCLUSION

For the reasons stated above, Matthew Isham, Individually and as Guardian ad litem for Hayden Isham, a minor, and Roxanne Best Isham, respectfully requests that this Honorable Court grant their Motion for Partial Summary Judgment.

Dated: Redondo Beach, California, January 11th, 2006.

```
_____
STEVEN M. MCGUIRE, Pro Hac Vice
LESSER & ASSOCIATES, PLC
Attorneys for Claimants/Respondents
and Plaintiffs MATTHEW ISHAM, individually
and as Guardian ad Litem for, HAYDEN ISHAM,
a minor and ROXANNE BEST ISHAM
```

I certify that this document is in 14 point Times New Roman font and contains 1237 words and does not exceed the page or word limitations set forth in Local Rule 7.5(b).

```
_____
STEVEN M. McGUIRE, Pro Hac Vice
```

Z:\Isham\Pleadings\Blue Dolphin Charters - Limitation Liability Complaint\Reply to Opposition re Isham's Partial MSJ set 012306.wpd