January 21, 2005

*Via Facsimile (808) 547-5880*

John Lacy, Esq.
Evelyn Black, Esq.
Goodsill, Anderson, Quinn & Stifel
Alii Place, Suite 1800
1099 Alakea Street
Honolulu, Hawaii 96813-4500

    Re:   *Claypool v. Blue Dolphin*

Dear John and Evie:

    I am writing to follow up on our telephone conversation of yesterday afternoon. I called after receiving the limitation complaint that you just filed before Judge Gilmore in response to the *Claypool* and *Isham* lawsuits that were filed last September before Judge Kay. The object of my call was to advise you of the stipulation that Mr. Isham and Mr. Claypool are filing in your limitation action and to explain the effect of those stipulations under *Newton v. Shipman*, 718 F.2d 959, 962 (9th Cir. 1983); *In re Complaint of Ross Island Sand & Gravel*, 226 F.3d 1015 (9th Cir. 2000) and *Beiswenger Enterprises Corp. v. Carletta*, 86 F.3d 1032 (11th Cir. 1996). Rather than recite my explanations yet again, let me respectfully invite you to read those cases. When you have, I am sure you'll agree that it would not only be unnecessary for Judge Gilmore to issue a Monition staying the *Claypool* and *Isham* cases, but a regrettable waste of the court's and counsels' time and effort.

    As I am sure Evie has reported to you, Magistrate Chang has already got the *Claypool* and *Isham* cases up and running and laid out a workable mediation schedule. Since the parties' recent Rule 26 disclosures in those two cases have identified over four dozen likely deponents, it would be a shame to throw a wrench into that schedule at this point. A Monition in your limitation case staying the proceedings before Judge Kay and Magistrate Chang will have precisely that effect. As I told you, Mr. Lesser and I will immediately move Judge Gilmore for an order lifting that stay, in light of our stipulation, under the authorities outlined above. Since I believe our stipulations leave the court with no discretion but to grant such a motion, I sincerely hope that you will not require my client to go to the trouble of filing it, your client to the trouble of opposing it, or Judge Gilmore to the trouble of researching and deciding it.

**Exhibit "8"**

John Lacy, Esq.
Evelyn Black, Esq.
January 21, 2005
Page 2

      I look forward to your early reply.

      Thank you for your time and attention.

                                    Very truly yours,

                                    JOHN R. HILLSMAN

JRH/rsb

cc:    Richard Lesser, Esq. *(via facsimile)*
       Michael Formby, Esq. *(via facsimile)*
       Stephen Hewitt, Esq. *(via facsimile)*