HAROLD G. HOPPE    5049
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2300
Honolulu, HI  96813
Telephone:      (808) 528-1903
Facsimile:      (808) 531-3860

JOHN R. HILLSMAN  71220
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA  94133
Telephone:      (415) 421-9292
Facsimile:      (415) 403-0202

Attorneys for Dennis Claypool,
Sheryl Claypool, Scott Claypool and Kristen Claypool


# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENNIS CLAYPOOL, individually and as Guardian Ad Litem for KRISTEN CLAYPOOL, a minor, SHERYL CLAYPOOL, SCOTT CLAYPOOL, and KRISTEN CLAYPOOL,<br><br>            Plaintiffs,<br><br>   vs.<br><br>CAPTAIN ANDY'S SAILING, INC., BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, INC.,<br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil No. CV04 00570 HG- BMK<br><br><br>DECLARATION OF TELLY RIVENBURGH |

-1-

MATTHEW ISHAM, individually ) CIVIL NO. CV04-00559 HG-BMK
and as Guardian ad Litem for )
HAYDEN ISHAM, a minor; )
ROXANNE BEST ISHAM, )
                                              )
                      Plaintiffs, )
          vs. )
                                              )
BLUE DOLPHIN CHARTERS, )
LTD. and BLUE DOLPHIN )
DIVING, LTD., CAPTAIN )
ANDY'S SAILING, INC., )
                                              )
                      Defendants. )

_____

IN THE MATTER OF THE ) Civil No. CV05-00037 HG BMK
COMPLAINT OF BLUE DOLPHIN )
CHARTERS, LTD. AND TERRY )
DONNELLY, AS OWNERS OF )
THE VESSEL M/V BLUE )
DOLPHIN, O/N 1082212, FOR )
EXONORATION FROM AND/OR )
LIMITATION OF LIABILITY )

_____

    I, TELLY RIVENBURGH, hereby state and affirm that:

    1.    I am an adult resident of the State of Arizona.  I have worked with

Dennis Claypool for six years as his personal assistant.  We have become very

close friends.  Before the July 20, 2004 accident, Dennis helped build and fix many things in and around my house.  I am very familiar with his pre-accident activities, social and professional, his abilities before the accident and his limitations after it.

2.    Before the accident, Dennis used to be a very personal and successful Prudential Insurance agent.  The key to his success was his ability to simplify complex topics for new and less sophisticated customers.  Specifically, Dennis would use a hand drawn, personally tailored "What the Dollar Can Do" diagram with each of his new clients.  This technique was the keystone of his success and the product of his own invention.  Since the accident, Dennis is no longer able to draw this diagram.  He is now forced to use pre-printed forms.  These forms are way less effective.  Dennis's ability to communicate with his clients has been harmed, and each client's visit tends to last about 1 and a half times longer.  Since Dennis's ability as a insurance agent is a important source of pride for him, these changes have caused him a great deal of pain and frustration.

3.    Before the accident, Dennis was a good typist.  He could use both hands and generally did 100% of his professional paperwork.  Since the accident, Dennis has become a terrible typist.  He can only use one hand and is exceptionally slow.  This fact is very frustrating for Dennis, and he is now forced to ask  me for help with 90% of his daily professional activities.  This has made

him a less efficient worker, and he is no longer able to complete the same amount of work he did before his injuries.

4.    Before the accident, Dennis used to help me around my house. He would fix my car, maintain my pool, and build, install, remove and/or repair household appliances. After the accident, Dennis is no longer able to provide this type of help.   This inability is painful for us both.

I have reviewed the foregoing declaration, and can confirm under penalty of perjury under the laws of the State of Hawaii that the facts and opinions contained therein are true and correct, and personally known to me, and that if I were called as a witness herein, I could competently so testify under oath.

Executed on this ____ day of April, 2006, in the City of Mesa, State of Arizona.



Telly Rivenburgh

State of _ARIZONA_ }
                        } ss
County of _MARICOPA_ }

On _4 APRIL 2006_ before me, _CARL WALTZ_ ,

personally appeared _TELLY RIVENBURGH_ ,personally known to me or proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person executed the instrument.

CARL WALTZ
Notary Public - Arizona
Maricopa County
My Commission Expires
February 21, 2009

WITNESS my hand and official seal.

_____
Signature of Notary Public

-4-