IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS CLAYPOOL, individually and as Guardian Ad Litem for KRISTEN CLAYPOOL, a minor, SHERYL CLAYPOOL, SCOTT CLAYPOOL, and KRISTEN CLAYPOOL,<br><br>    Plaintiffs,<br><br>    vs.<br><br>CAPTAIN ANDY'S SAILING, INC., BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, INC.,<br><br>    Defendants. | CIVIL NO. CV04-00570 HG-BMK<br><br>MEMORANDUM IN SUPPORT OF MOTION |
| MATTHEW ISHAM, Individually and as Guardian Ad Litem for HAYDEN ISHAM, a minor, ROXANNE BEST ISHAM,<br><br>    Plaintiffs,<br><br>    vs.<br><br>BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, LTD., CAPTAIN ANDY'S SAILING, INC.,<br><br>    Defendants. | CIVIL NO. CV04-00559 HG-BMK |
| IN THE MATTER OF THE COMPLAINT OF BLUE DOLPHIN CHARTERS, LTD. AND TERRY CONNELLY, AS OWNERS OF THE | CIVIL NO. CV05-00037 HG BMK |

| |
|---|
| VESSEL M/V BLUE DOLPHIN, O/N 1082212, FOR EXONERATION FROM AND/OR LIMITATION OF LIABILITY |

## MEMORANDUM IN SUPPORT OF MOTION

**I.   INTRODUCTION**

Markel International Insurance Co., Ltd. ("Markel") moves this Honorable Court for an order permitting it to intervene as a party Defendant in this matter for the purpose of opposing the Claypool Plaintiffs' Motion for Approval of Good Faith Settlement filed on May 17, 2006.

The Claypool Plaintiffs have reached a settlement with Blue Dolphin Charters, Ltd. the Claypools now seek an order from this Court "approving" that settlement, and presumably would argue that Markel is barred from challenging either the reasonableness or quantum of the settlement in a coverage action entitled *Markel International Insurance Co., Ltd. vs. Blue Dolphin Charters, Ltd., et al.,* Civil No. CV05-00673 HG-BMK, which also is pending before this Court.

Unless Markel is allowed to intervene in this suit to oppose the reasonableness of the settlement, it eventually could be estopped from challenging the reasonableness of the amount of the judgment agreed to by the Claypools and Blue Dolphin.  Thus, this Court should grant the Motion.  Neither the Claypools nor Blue Dolphin Charters, Ltd. opposes Markel's intervention.

## II. DISCUSSION

Intervention by right is governed by F.R.C.P. 24(a). Generally, the rule is liberally construed in favor of intervention. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003). As a prospective intervenor, Markel must meet the four requirements listed below:

1. Markel must timely move to intervene, and whether or not an intervention request is "timely" is left to the Court's discretion. Generally, the Ninth Circuit has said an intervention is timely depending upon the: (a) stage of the proceeding at which intervention is sought; (b) prejudice to other parties; and (c) reason for and length of delay. *United States v. Alisal Water Corp.*, 370 F.3d 915, 921 (9th Cir. 2004). In this case, Markel's request is timely. The Claypools and Blue Dolphin only recently filed their request for approval of the settlement, and both parties consent to Markel's intervention in order to adjudicate the purported arms-length transaction that resulted in a settlement of the underlying case.

2. To intervene, Markel also must have a significantly protectable interest relating to Claypool's Motion for Approval of Good Faith Settlement. The Ninth Circuit has held that contract rights are protectable interest for purposes of intervention. *Southwest Center for Biological Diversity v. Berg*, 268 F.3d 810, 820 (9th Cir. 2001). Markel has a protectable interest in money sought under Megan

Langley's insurance policy. If it is not allowed to challenge whether or not the settlement between Blue Dolphin and the Claypools was made in good faith, Markel could be deprived of the opportunity to challenge the amount agreed to by those parties, and could not later raise the question of whether or not the settlement was made at arms length.

3. Markel also must be situated such that by not granting the Motion for Approval of Good Faith Settlement, its ability to protect its interests would be impaired. Here, if the Motion was approved without Markel being allowed to challenge the settlement, Markel's ability to protect its interests would unquestionably be impeded.

4. Finally, Markel's interest must not already be adequately represented by existing parties. In this case, neither the Claypools, Blue Dolphin or any other parties represent Markel's interests.

## III. **CONCLUSION**

Markel should be allowed to intervene in this lawsuit for the purpose of challenging the settlement between the Claypool Plaintiffs and Blue Dolphin. Both of those parties have stipulated to Markel entering this case, and for those reasons, the Motion to Intervene should be granted.

5.

    DATED: Honolulu, Hawaii, May 25, 2006.

                                        /s/ Stephen C. Smith
                                        STEPHEN C. SMITH
                                        Attorney for MARKEL
                                        INTERNATIONAL INSURANCE
                                        CO., LTD.