HAROLD G. HOPPE     5049
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2300
Honolulu, HI  96813
Telephone:   (808) 528-1903
Facsimile:   (808) 531-3860

JOHN R. HILLSMAN     71220
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA  94133
Telephone:   (415) 421-9292
Facsimile:   (415) 403-0202

Attorneys for Dennis Claypool,
Sheryl Claypool, Scott Claypool and Kristen Claypool

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JUN 0 6 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS CLAYPOOL, individually and as Guardian Ad Litem for KRISTEN CLAYPOOL, a minor, SHERYL CLAYPOOL, SCOTT CLAYPOOL, and KRISTEN CLAYPOOL, <br><br> Plaintiffs, <br><br> vs. <br><br> CAPTAIN ANDY'S SAILING, INC., BLUE DOLPHIN CHARTERS, LTD., and BLUE DOLPHIN DIVING, INC., <br><br> Defendants | Civil No. CV04 00570 HG-BMK <br><br> **CLAYPOOL PLAINTIFFS; REPLY TO PROPOSED INTERVENOR MARKEL INTERNATIONAL INSURANCE CO.'S OPPOSITION TO THEIR MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT; CERTIFICATE OF SERVICE** <br><br> *IN CAMERA SUBMISSION FILED UNDER SEAL PUSUANT TO LR10.2(f).* <br><br> Accompanying Document: <br> 1. Certificate of Service. |

_____
Claypool Plaintiffs' Reply to Proposed Intervenor Markel International Insurance Co.'s Opposition to Their
Motion for Approval of Good Faith Settlement.                                                                                          1

ORIGINAL UNSEALED BY ORDER OF THE COURT
DATE: 6/9/06

SEALED
BY ORDER OF THE COURT

MATTHEW ISHAM, individually and )      CIVIL NO. CV04-00559 HG-BMK
as Guardian ad Litem for            )
HAYDEN ISHAM, a minor;              )
ROXANNE BEST ISHAM,                 )
                                    )
                Plaintiffs,         )
                                    )
        vs.                         )
                                    )
BLUE DOLPHIN CHARTERS,              )
LTD. and BLUE DOLPHIN DIVING,       )
LTD., CAPTAIN ANDY'S                )
SAILING, INC.,                      )
                                    )
                Defendants.         )
                                    )
_____       )

IN THE MATTER OF THE                )      Civil No. CV05 00037 HG BMK
COMPLAINT OF BLUE DOLPHIN           )
CHARTERS, LTD. AND TERRY            )
DONNELLY, AS OWNERS OF THE          )
VESSEL M/V BLUE DOLPHIN, O/N        )
1082213, FOR EXONERATION            )
FROM AND/OR LIMITATION OF           )
LIABILITY                           )
                                    )
                                    )
                                    )
                                    )
_____       )

## CLAYPOOL PLAINTIFFS; REPLY TO PROPOSED INTERVENOR MARKEL INTERNATIONAL INSURANCE CO.'S OPPOSITION TO THEIR MOTION FOR APPROVAL OF GOOD FAITH SETTLEMENT

Come now the Claypool Plaintiff's and submit their reply to the Opposition filed by

the arms' length nature of the settlement at great length and the facts and arguments made to support the good faith nature of this settlement will not be restated here.

The Plaintiffs have styled their Motion for Approval of Good Faith Settlement in a manner consistent with Hawaii Revised Statute §663-15.5, which specifically relates to:

> "(a) <u>A release, dismissal with or without prejudice, or a covenant not to sue or not to enforce a judgment</u> that is given in good faith under subsection (b) to one or more joint tortfeasors, or to one or more co-obligors who are mutually subject to contribution rights. . ." [Emphasis added].

The plain language of the statute clearly contemplates a settlement incident to a judgment and does not specify that the hearing be heard in conjunction with any lawsuit stating further:

> "(f) The running of any statute of limitations or other time limitations shall be tolled during the period of consideration by the court on the issue of good faith."

The statute continues;

> "(g) The procedures, rights, and obligations of this section shall apply to a release, dismissal, or covenant given before, <u>as well as after, a lawsuit has been filed and does not require the existence of a lawsuit.</u>" [Emphasis added].

Equity would demand that Markel not be permitted to intervene here to undo what was done as the result of Markel's refusal to participate in the defense of the underlying actions which resulted in this settlement. Further, even should the Court not apply the standards set out in *Troyer*; a settlement like the one at bar automatically immunizes the settling joint tortfeasor against all claims for indemnity or contribution

whether or not there has been a finding of good faith. See e.g. *Boca Grande Club, Inc. v. Florida Power & Light Co.*, 511 U.S. 222, 223 (1994). What is more maritime law leaves non-settling tortfeasors liable for their full, pro-rata share of the damages no matter what the settling tortfeasor agrees to pay. *McDermott, Inc. v. AmClyde*, 511 U.S. 202, 220 (1994). The *Troyer* standard provides the Court with a schema for determining good faith.

III.    *TROYER V. ADAMS*, 102 HAW 399, 77 P.3D 83 (2003) IS THE HAWAI'I DECISION THAT THE COURT SHOULD PROPERLY CONSIDER IN REVIEWING PLAINTIFFS' MOTION; AND THE PLAINTIFFS' MOTION MORE THAN SATISFIES THE STANDARD ENUNCIATED IN THAT CASE.

Markel argues that the standards enunciated by the Hawai'i Supreme Court in *Troyer* are not applicable to the Plaintiffs' Motion. While this position is understandable given Markel's conduct thus far relative to their status as potential co-obligors in this matter; it misses the point. Having denied Blue Dolphin a defense as an additional named insured under Megan Langley's policy, Markel may be properly precluded by the Court from intervening at this point and attempting to undo the mischief that was, in part, occasioned by Markel's own questionable conduct with respect to their obligations to Blue Dolphin under the policy of insurance which named Blue Dolphin as an additional named insured.

There is a decision in the United States District Court for the District of Hawaii finding that a Magistrate judge properly determined that defendant did not meet its burden of disproving good faith regarding settlement between plaintiff and other defendants when the Magistrate Judge applied this statute and made a determination

of good faith. See; *Whirlpool Corp. V. CIT Group*; 293 F. Supp. 2d 1144 (USDC Haw. 2003). Judge Ezra in this decision noted that the legislative history of the act patterned Hawaii's good-faith settlement on similar California Legislation, and that the magistrate applied the more stringent standard used in long-standing California Supreme Court case of *Tech-Bilt, Inc. V. Woodward-Clyde & Associates*, 38 Cal.3d 488, 213 Cal.Rptr. 256, 698 P.2d 159 (1985), Judge Ezra found that under Hawaii law, settling parties need not present a record to the court explaining the basis for settlement; placing the burden on the party challenging a good faith settlement to show otherwise. The Court also noted that the Magistrate Judge issued his decision prior to the standard of review announced by the Hawaii Supreme Court in *Troyer* which applied the much less stringent totality of the circumstances rule. In the matter currently under consideration by the Court, the Plaintiffs have provided the Court with voluminous support for the finding of good faith that the Motion requests.

Further, a *Troyer* analysis considers the totality of the circumstances at the time of the agreement to the Court's consideration of the settlement. Whether a settlement was given in "good faith" for purposes of this section is a matter left to the discretion of the trial court in light of all the relevant circumstances extant at the time of settlement. *Troyer*; 102 H. 399, 77 P.3d 83. Both at the time of the settlement and at the time of the entry of Judgment in this action Markel had declined to unconditionally provide Blue Dolphin with a defense.

Under the circumstances, the only issue before the Court on this Motion is whether the Settlement was made in good faith. As the Court will recall, Markel was,

early on in this matter, given an opportunity to shape its own destiny and declined to participate in the very discussions which resulted in the settlement for which Plaintiffs' seek approval by way of this motion.

As a consequence, we are not seeking the Magistrate Judge's assessment of our stipulated judgment to sort out liability among joint tortfeasors. We are seeking it, just as the parties did in *Weber*, to confirm that our judgment was neither offered nor accepted in bad faith. We are only looking to *Troyer* and Act 300 because they provide a convenient, nine-point approach for making such an assessment.

## IV.  MARKEL WILL NOT BE UNDULY PREJUDICED BY A FINDING OF GOOD FAITH IN THIS SETTLEMENT.

Finally Markel argues that a finding of good faith by the Court with respect to the settlement pounded out by the parties without Markel's input will somehow cause it undue prejudice by binding it to the terms of the stipulated judgment, as Markel will be precluded from conducting depositions and discovery.

This is position is unsupportable. Plaintiffs' must remind the Court that Markel has filed an Action for Declaratory Judgment naming both Blue Dolphin and the Claypool Plaintiffs as defendants. This declaratory judgment action was filed well in advance of the settlement in this matter, and the tender of defense by Markel to Blue Dolphin was made after the offer of Judgment had been made, and only one day before the Court entered judgment. In the period between the entry of judgment and the attempted intervention by Markel in this matter months passed during which Markel could have made a motion to intervene on Blue Dolphin's behalf and request that the

judgment be vacated, but Markel did not.

Further, Discovery into the underlying facts and circumstances of this accident can still be conducted both in the declaratory judgment action and in the action filed directly against Megan Langley in California, her current state of residence. Markel could have intervened in this action at any point, but chose to do so only after a final judgment had been entered in this action. If there is any prejudice to Markel by the settlement reached in this action as the result of the discovery herein, it is the prejudice that is due based upon Markel's approach to the underlying claims and their potential obligations under Megan Langley's policy.

The intervention here is an attempt to hedge the bet that Markel made when it denied Blue Dolphin coverage and filed a declaratory judgment action against both its additional named insured and the potential claimants under the policy that Markel issued.

CONCLUSION

Given Markel's late intervention in this matter, it is clear that it now seeks to ascribe to itself the status of a co-obligor. This situation is precisely on point with the situation one this Court encountered in *Weber v. Pacific Indemnity Insurance Co.*, 345 F.Supp.2d 1139 (D. Haw, 2004). Like the case at bar, *Weber* involved a maritime personal injury, an extended mediation effort, and an insurance carrier who refused to participate in the eventual settlement. It is the Plaintiffs' position that while Markel now demands the status of a co-obligor, it does so only as an attempt to obtain a strategic advantage from circumstances its own nonfeasance created. Markel's

opposition should not be considered by this Court and an Order finding a good faith

settlement, as requested by the Plaintiffs' herein should be granted.


Dated:        June 6, 2006          HAROLD G. HOPPE and
                                    McGUINN, HILLSMAN & PALEFSKY
                                    Attorneys for Plaintiffs Dennis Claypool,
                                    Sheryl Claypool, Scott Claypool and
                                    Kristen Claypool,

                            By:     _____
                                    HAROLD G. HOPPE

HAROLD G. HOPPE    5049
Pacific Guardian Center, Makai Tower
733 Bishop Street, Suite 2300
Honolulu, HI  96813
Telephone:  (808) 528-1903
Facsimile:   (808) 531-3860

JOHN R. HILLSMAN    71220
McGuinn, Hillsman & Palefsky
535 Pacific Avenue
San Francisco, CA   94133
Telephone:  (415) 421-9292
Facsimile:   (415) 403-0202

Attorneys for Dennis Claypool,
Sheryl Claypool, Scott Claypool and Kristen Claypool

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| DENNIS CLAYPOOL, individually and as Guardian Ad Litem for KRISTEN CLAYPOOL, a minor, SHERYL CLAYPOOL, SCOTT CLAYPOOL, and KRISTEN CLAYPOOL, <br><br>      Plaintiffs, <br><br>  vs. <br><br> CAPTAIN ANDY'S SAILING, INC., BLUE DOLPHIN CHARTERS, LTD. and BLUE DOLPHIN DIVING, INC., <br>      Defendants. | Civil No. CV04 00570 HG- BMK <br><br> **CERTIFICATE OF SERVICE** |

Claypool Plaintiffs' Reply to Proposed Intervenor Markel International Insurance Co.'s Opposition to Their Motion for Approval of Good Faith Settlement.

MATTHEW ISHAM,  individually  )   CIVIL NO. CV04-00559 HG-BMK
and as Guardian ad Litem for    )
HAYDEN ISHAM, a minor;    )
ROXANNE BEST ISHAM,    )
   )
          Plaintiffs,    )
     vs.    )
   )
BLUE DOLPHIN CHARTERS,    )
LTD. and BLUE DOLPHIN    )
DIVING, LTD., CAPTAIN    )
ANDY'S SAILING, INC.,    )
   )
          Defendants.    )

---

IN THE MATTER OF THE    )   Civil No. CV05-00037 HG BMK
COMPLAINT OF BLUE DOLPHIN )
CHARTERS, LTD. AND TERRY    )
DONNELLY, AS OWNERS OF    )
THE VESSEL M/V BLUE    )
DOLPHIN, O/N 1082212, FOR    )
EXONERATION FROM AND/OR )
LIMITATION OF LIABILITY    )

---

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date last written below, I served a true and correct copy

of the foregoing document on the following as indicated below:

| | | |
|---|---|---|
| 1st Class<br>U.S. Mail | John R. Lacy<br>Randy L.M. Baldemor<br>GOODSILL ANDERSON<br>QUINN & STIFEL<br>Alii Place<br>1099 Alakea St. Suite 1800<br>Honolulu, HI   96813 | Blue Dolphin<br>Charters |
| 1st Class<br>U.S. Mail | Robert Miller<br>Law Offices of Robert Miller<br>735 Bishop St., Suite 500 | Blue Dolphin<br>Charters, Inc. |

---

Honolulu, HI   96813

1st Class
U.S. Mail

Stephen C. Smith
Carlsmith Ball LLP
ASB Tower
1001 Bishop Street
Honolulu, HI   96813

Markel Insurance

Dated: June 6, 2006

HAROLD G. HOPPE and
McGUINN, HILLSMAN & PALEFSKY
Attorneys for Plaintiffs Dennis Claypool,
Sheryl Claypool, Scott Claypool and
Kristen Claypool

By: _____
HAROLD G. HOPPE